IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHYLEINA HERRON and <br> CORY HERRON, <br><br> Plaintiffs, <br><br> v. <br><br> E.W. SCRIPPS COMPANY, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 17-cv-826 <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF REMOVAL

Defendants E.W. Scripps Company and Scripps Media, Inc., pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove from the Circuit Court of Jackson County, Missouri, to the United States District Court for the Western District of Missouri, Western Division, the action captioned Chyleina Herron and Cory Herron v. E.W. Scripps Company, et al., Case No. 1716-CV21322. As grounds for removal, Defendants state as follows:

1. This action was instituted by Plaintiffs Chyleina Herron and Cory Herron in the Circuit Court of Jackson County, Missouri, by the filing of a Petition in that court on August 28, 2017. A copy of the Petition is attached as Exhibit 1.

2. On September 11, 2017, Defendants received via the U.S. Mail a request to sign a Notice and Acknowledgment for Service by Mail, pursuant to Rule 54.16 of the Missouri Rules of Civil Procedure. (Ex. 2). Defendants have neither signed nor returned the notice, and have not otherwise been served.

3. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) (2012).

4. The Circuit Court of Jackson County, Missouri, is located within the Western Division of the United States District Court for the Western District of Missouri.

5. Accordingly, venue is proper in the Western Division of this Court pursuant to 28 U.S.C. § 1446(a) and Local Rule 3.2(a)(1)(A).

6. In their Petition, Plaintiffs state they are Missouri residents. (Ex. 1 ¶ 6).

7. Plaintiffs' lawsuit names four defendants: E.W. Scripps Company, Scripps Media, Inc., John Doe I and Jane Doe I. (Ex. 1, ¶¶ 7-10).

8. Defendant E.W. Scripps Company is an Ohio Corporation with its principal place of business in Cincinnati, Ohio. (Ex. 1 ¶ 7).

9. Scripps Media, Inc., is a Delaware corporation with its principal place of business in Cincinnati, Ohio. (Ex. 1 ¶ 8).

10. For purposes of determining whether removal is proper on the basis of diversity, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

11. Therefore, the citizenship of Defendant John Doe I and Defendant Jane Doe I shall be disregarded. *See Woodbury v. Courtyard Mgmt. Corp.*, Case NO. 11-CV-1049, 2012 U.S. Dist. LEXIS 18035, at *6 (E.D. Mo. Feb. 14, 2012).

12. Accordingly, compete diversity of citizenship exists between Plaintiffs and Defendants pursuant to 28 U.S.C. § 1332(a)(1), (c)(1).

13. Furthermore, the amount in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332(a).

14. The Plaintiffs assert in their Petition that they each suffered "damages in excess of $25,000.00," including "shame, emotional suffering, humiliation, embarrassment, insult, and inconvenience." (Ex. 1 ¶¶ 58-59, 65-66).

15. In addition, Plaintiff Chyleina Herron asserts that she has sought medical care and took prescribed medication for "mental distress," which "caused her to suffer disruption of her sleep, [and] to experience agitation, and anxiety." (Ex. 1 ¶ 55).

16. Plaintiffs also assert separate claims for punitive damages against Defendants. (Ex. 1 ¶ 68). *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) ("Punitive damages are included in determining the amount in controversy.").

17. "Taking notice of amounts recovered by plaintiffs in similar cases in a similar locality is but one way to assess whether a plaintiff can recover the jurisdictional amount." *Stewart v. Tupperware Corp.*, 356 F.3d 335, 339 (1st Cir. 2004); *see e.g. Kaufman v. Costco Wholesale Corp.*, 571 F. Supp. 2d 1061, 1064 (D. Minn. 2008) (in denying motion to remand court explained that defendant had "offer[ed] evidence of cases involving similar injuries having settlement amounts and jury verdicts in excess of the jurisdictional requirement").

18. In 2014, Plaintiffs' attorneys received a jury verdict of $1 million ($250,000 in actual damages and $750,000 in punitive damages) in a case tried in Kansas City, Kansas. (Ex. 3). In that action, the plaintiff sued for false light invasion of privacy after a radio station referred to her as a porn star on air, claiming she suffered harm to her reputation, embarrassment, humiliation, inconvenienced, difficulty sleeping, shortness of

3

breath, and anxiety. *Patton v. Entercom Kansas City, LLC*, No. 13-2186-DDC-JPO, 2014 U.S. Dist. LEXIS 77134, *31 (D. Kan. June 6, 2014).

19. In the present action, Plaintiffs have sued for false light invasion of privacy after a television news station referred to Plaintiffs in a report about a pornography scheme, claiming harm to their reputation, humiliation, embarrassment, shame, insult, inconvenience, difficulty sleeping, anxiety, and agitation. (Ex. 1 ¶¶ 55, 58).

20. Also in 2014, a Wyandotte County, Kansas District Judge awarded a plaintiff $500,000 in actual damages on claims for false light invasion of privacy, outrage, unjust enrichment, and violation of the Kansas Consumer Protection Act. (Ex. 4).

21. And in a 2010 lawsuit in St. Louis County, a party alleging false light invasion of privacy and defamation asserted claims for actual damages of $100,000 and punitive damages of $500,000. (Ex. 5).

22. Thus, comparing Plaintiffs' action to similar cases in similar localities makes it apparent that Plaintiff's alleged damages exceed $75,000.

23. Because there is complete diversity between the parties in this action, and the matter in controversy exceeds the sum or value of $75,000, this is a civil action over which this Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Therefore, removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441.

24. All Defendants who are required to join in this removal have done so. *See* MOORE'S FEDERAL PRACTICE - Civil § 107.42 (2017) (John Doe defendants are not required to join in notice of removal).

4

25. Copies of all other process, pleadings, and orders are attached as Exhibit 6.

**WHEREFORE**, Defendants E.W. Scripps Company and Scripps Media, Inc., give notice that the above-entitled action is removed from the Circuit Court of Jackson County, Missouri to the United States District for the Western District of Missouri.

Respectfully submitted,

LATHROP GAGE LLP

By: /s/Bernard J. Rhodes
Bernard J. Rhodes   MO #29844
Taryn A. Nash   MO #70271
2345 Grand Blvd., Suite 2200
Kansas City, MO 64108-2684
Tele: (816) 292-2000
Fax: (816) 292-2001
Email: brhodes@lathropgage.com
tnash@lathropgage.com

ATTORNEY FOR DEFENDANTS E.W. SCRIPPS COMPANY AND SCRIPPS MEDIA, INC.

### CERTIFICATE OF SERVICE

I certify that on this ___ day of October, 2017, a copy of the above pleading was filed using the CM/ECF system, which will generate notice to the following counsel of record:

Arthur A. Benson II
Jamie Kathryn Lansford
Arthur Benson & Associates
4006 Central Avenue
Kansas City, MO 64111
abenson@bensonlaw.com
jlansfor@bensonlaw.com

/s/Bernard J. Rhodes
An Attorney for Defendants