**1716-CV21322**

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
SIXTEENTH JUDICIAL CIRCUIT
AT KANSAS CITY

| | |
|---|---|
| CHYLEINA HERRON and ) | |
| CORY HERRON, ) | |
| Independence, Missouri, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| E.W. SCRIPPS COMPANY, ) | **Jury Trial Demand** |
| an Ohio Corporation, ) | |
| ) | |
| and ) | |
| ) | |
| SCRIPPS MEDIA, INC., ) | |
| a Delaware Corporation and subsidiary ) | |
| of E.W. Scripps Company, ) | |
| ) | |
| and ) | |
| ) | |
| JOHN DOE I, ) | |
| a Missouri resident and employee and/or ) | |
| agent of E.W. Scripps Company and/or ) | |
| Scripps Media, Inc., who has responsibility ) | |
| for the reporting, production, editing, and/or ) | |
| airing of television news reports at ) | |
| KSHB-TV and KMCI-TV, ) | |
| ) | |
| and ) | |
| ) | |
| JANE DOE I, ) | |
| a Missouri resident and employee and/or ) | |
| agent of E.W. Scripps Company and/or ) | |
| Scripps Media, Inc., who has responsibility ) | |
| for the reporting, production, editing, and/or ) | |
| airing of television news reports at ) | |
| KSHB-TV and KMCI-TV, ) | |
| ) | |
| Defendants. ) | |

**EXHIBIT 1**

**PETITION FOR DAMAGES**
**(Personal Injury: False Light Invasion of Privacy – TV)**

COME NOW Plaintiffs Chyleina Herron and Cory Herron, by counsel, and for their cause of action for damages against Defendants E.W. Scripps Company, Scripps Media, Inc., John Doe I and Jane Doe I, state and allege as follows:

### NATURE OF ACTION

1. Plaintiffs Chyleina Herron and Cory Herron seek damages for false light invasion of privacy.

2. As set forth in more detail below, Defendants and/or their agents and employees who were employed at KSHB-TV, Channel 41, owned and operated by Defendants E.W. Scripps Company and Scripps Media, Inc., published false representations about Plaintiffs which a reasonable person would find highly offensive and did so with knowledge of or in reckless disregard of the falsity of the matter and the false light in which they would place Plaintiffs.

3. Specifically, on the October 24, 2016 10:00 p.m. KSHB newscast (and an unknown number of re-airings on KSHB and/or KMCI), Defendants broadcast a video throughout which appeared the caption "MAN CHARGED WITH TRICKING WOMEN INTO ON-CAMERA SEX". Portions of that video showed Chyleina and Cory Herron on camera, seated next to each other and individually, and the continued display of the caption suggested, *inter alia* (*see infra* at ¶¶ 39, 43), that Chyleina had engaged in sex for the promise of money and with the presumed consent of Cory, an entirely false inference.

4. Additionally, the video was posted on KSHB's website, on its Facebook page, and

2

on its YouTube page where it remained approximately three days, drawing enough views that persons who knew the Herrons saw it and contacted them.  The Herrons, in turn, contacted KSHB and requested that the video be pulled from those online sites.  But the video was available long enough that people saw Chyleina identified as a victim of trickery willing to have sex for money and that it was picked up and posted by a significant number of websites, some of which have refused or failed to remove the clip.  All of this has caused the Herrons to suffer damages.

JURY TRIAL DEMAND

5.  A jury trial is demanded on Plaintiffs' false light invasion of privacy claim and on their claim for punitive damages.

PARTIES

6.  Plaintiffs Chyleina Herron and Cory Herron are, and at all times relevant hereto, have been and continue to be residents of and domiciled in Independence, Jackson County, Missouri.

7.  Defendant E.W. Scripps Co. (E.W. Scripps) is one of the nation's largest independent television station owners with 33 television stations in 24 markets and a reach of nearly one in five United States households.  It also owns 34 radio stations in eight markets. In the Kansas City metropolitan area, E.W. Scripps owns KSHB-TV, Channel 41, an NBC affiliate and KMCI, Channel 38 The Spot, an independent station which operates as a duopoly with KSHB.  E.W. Scripps shares are traded on the New York Stock Exchange (NYSE: SSP).  At one time, E.W. Scripps owned *The Kansas City World*.  E.W. Scripps also runs an expanding collection of local and national digital journalism and information

3

Electronically Filed - Jackson - Kansas City - August 28, 2017 - 03:09 PM

businesses and produces television programming. E.W. Scripps is an Ohio Corporation and its principal office is Suite 2800 Scripps Center, 312 Walnut, Cincinnati, Hamilton County, Ohio 45202. A search of the Missouri Secretary of State's business records does not show a registration for E.W. Scripps. On information and belief, service on E.W. Scripps may be had pursuant to MO. SUP. CT. R. 54.06 (a) (1) and/or (3) and/or (4) and as provided in either MO. SUP. CT. R. 54.14 or 54.16

8. Defendant Scripps Media, Inc. (Scripps Media) is a Delaware Corporation and its principal office is Suite 2800 Scripps Center, 312 Walnut, Cincinnati, Ohio 45202. Scripps Media operates as a subsidiary of E.W. Scripps. Scripps Media operates ten television stations. Scripps Media is registered as a foreign corporation with the Missouri Secretary of State which has issued an Amended Certificate of Authority of a Foreign Corporation to Scripps Media. On information and belief, Scripps Media is privately held. The registered agent for service of process on Scripps Media is CC-Lawyers Incorporating Service Company, 22 Bolivar Street, Jefferson City, Missouri 65101.

9. Defendant John Doe I, is, on information and belief, a Missouri resident and is an employee or agent of E.W. Scripps Company and/or Scripps Media, Inc., who has responsibility for the reporting, production, editing, and/or airing of television news reports at KSHB-TV and KMCI-TV.

10. Defendant Jane Doe I is, on information and belief, a Missouri resident and is an employee or agent of E.W. Scripps Company and/or Scripps Media, Inc., who has responsibility for the reporting, production, editing, and/or airing of television news reports at KSHB-TV and KMCI-TV.

4

## JURISDICTION AND VENUE

11.  This Court has jurisdiction over all cases and matters, civil and criminal.  MO. REV. STAT. § 478.070.

12.  Venue is proper in this Court pursuant to MO. REV. STAT. § 508.010.4 and pursuant to MO. REV. STAT. § 478.461.1 in that the tortious conduct alleged to have caused the injuries herein alleged occurred in Kansas City, Jackson County, Missouri.

13.  For jurisdictional purposes, the amount at issue in this matter is in excess of $25,000.00.

## FACTUAL ALLEGATIONS

14.  Plaintiffs Chyleina and Cory Herron planned to get married on August 26, 2011. In that connection, on the recommendation of a Facebook friend, by virtue of contracts signed on June 22, July 1, and July 22, 2010, they hired Imagine Photo KC to perform videography and photography, to provide a disc jockey for the reception, to acquire a limousine service, and other wedding-related services.

15.  The principal of Imagine Photo KC was Mario Ambrose Antoine.

16.  Plaintiffs gave Antoine two payments totaling One Thousand Dollars ($1,000.00) in advance for his services.

17.  As the wedding date approached, Antoine broke off all contact with Plaintiffs. Antoine changed his phone number and would not respond to emails, so new vendors had to be hired to provide services for the wedding.

18.  Eventually, in response to Plaintiff Chyleina Herron's attempts to contact Antoine to obtain a refund, he responded that he had filed for bankruptcy and the money was gone.

5

19. Antoine never provided the services for which he contracted and for which he took advance payment and never returned the One Thousand Dollars ($1,000.00).

20. In November, 2012, the Missouri Attorney General, acting as Special Prosecuting Attorney of Jackson County, filed a probable cause statement, a complaint, and an amended complaint in Jackson County Circuit Court, Case No. 1216-CV04899, in which Antoine was charged, *inter alia*, with Theft/Stealing (value of property or services is $500 or more but less than $25,000), *i.e.*, Felony Stealing by Deceit (Count I) and with the Class D felony of Unlawful Merchandising Practices (Count II) with respect to his conduct in contracting with Plaintiff Chyleina Herron; his subsequent failure to provide the contracted-for services; and, his refusal to refund her One Thousand Dollars ($1,000.00). The case also included counts that related to his unlawful conduct vis à vis other brides-to-be.

21. In September, 2013, Antoine was tried by jury and convicted. On October 25, 2013, Antoine was sentenced to 45 days at the Jackson County Department of Corrections (JCDC), but execution of his sentence was suspended and he was placed on five years of probation with the conditions that he (1) serve 30 days at the JCDC with credit for time served and (2) pay restitution in the amount of $4,900 to the victims, including Chyleina Herron, within the first year of his probation. His probation was subsequently revoked in 2015. Ultimately, Antoine repaid Plaintiff Chyleina Herron the One Thousand Dollars ($1,000.00) he had stolen from her in installments.

22. At the time the charges against Antoine became public in 2012, Herron was contacted by Syed Shabbir who was then a news reporter at KSHB-TV. Shabbir wanted to interview Herron in connection with Antoine's wedding scam. Herron consented.

Electronically Filed - Jackson - Kansas City - August 28, 2017 - 03:09 PM

23. Shabbir came with a KSHB crew to the Herrons' home to conduct and record an on-camera interview about Antoine and it aired that evening on KSHB.

24. Although the Herrons believed that the matter was all in the past, they did not count on Antoine again being in trouble with the law for fraud.

25. In October, 2016, Antoine was again arrested – this time on federal wire fraud charges for having falsely promised twenty or more women thousands of dollars for allowing him to video the women having sex with him. He could possibly have been charged in state court for rape by deception.

26. On October 24, 2016, KSHB reported on the charges against Antoine as the lead story on its 10:00 p.m. newscast.

27. Other television stations in the Kansas City metropolitan area also ran segments about Antoine's arrest.

28. The KSHB reporter on the story was Andres Gutierrez.

29. The story as aired by KSHB interspersed what was then "live" reporting by Gutierrez standing in front of the federal courthouse in Kansas City, Missouri, with video showing a photograph of Antoine and court filings, and then, recklessly added video from the 2012 interview of Chyleina and Cory Herron, all of which appeared behind the caption, "MAN CHARGED WITH TRICKING WOMEN INTO ON-CAMERA SEX," which ran throughout the story other than when Gutierrez was being identified at the very beginning and end of the segment.

30. KSHB misidentified and falsely depicted the Herrons in the story when it left the "MAN CHARGED WITH TRICKING WOMEN INTO ON-CAMERA SEX" caption on the

7

Electronically Filed - Jackson - Kansas City - August 28, 2017 - 03:09 PM

screen during the portion of the segment that included the 2012 interview with them. KSHB

used the video of the Herrons in connection with a story that had *no* bearing on them and did

not make it clear to viewers that the video of the Herrons was being used in connection with

a story that had *no* bearing on the Herrons.

31. After KSHB ran the story on the ten o'clock news, the station also put a video

clip of the entire story, which lasts approximately two minutes and fifteen seconds, on its

webpage, on its Facebook page, and on its YouTube page.

32. On October 27, 2016, Chyleina Herron received a phone call from her sister

during which her sister told her that Herron's nephew had seen the video. Horrified, she

searched for the video.

33. Herron found the video online at **World Star Hip Hop**, a website where

individuals can upload video and where the video can still be viewed.

http://www.worldstarhiphop.com/videos/video.php?v=wshhh6eZHAGSxvK58P5l (visited

July 26, 2017).

34. At first, the Herrons mistakenly believed that World Star had stolen the video and

so Chyleina Herron called KSHB, and told the person with whom she first spoke, Rachel

Bonar, that World Star had "stolen" their video and called her a porn star. She was

transferred to a second person, who indicated that their manager was not there, but that he

would work on the problem and figure out what had happened.

35. Subsequently, however, Cory Herron realized that the story was KSHB's, so

Chyleina Herron called KSHB back, again reached Rachel Bonar, told her that the story was

indeed KSHB's, and asked that it be taken down from the website. Herron complied with

Bonar's request that she send the KSHB link to Bonar. Bonar replied that she would share it with the news director.

36. Late that afternoon, a KSHB manager called, was apologetic, and said they were removing the video from the KSHB website. Chyleina Herron checked and the video was removed from the website. The manager tried to mitigate the situation by stating that they had not typed her name in the story so that she would not be "searchable", but when Chyleina asked him, "So why'd you *say* my name," he said, "It was a mistake."

37. By Saturday evening, October 29, 2016, the Herrons had discovered that the video still remained on the KSHB YouTube channel and they called KSHB again to get it removed. They were told that someone would work on it.

38. To summarize, the video was available on KSHB's website, its Facebook page, and its YouTube page for between three and five days before it was removed.

39. During that time, it drew enough views that not only had the Herrons' relatives seen it, some unknown number of persons had heard Chyleina Herron's name and seen her on television falsely identified as a victim of trickery involving promised payment for on-camera sex.

40. On information and belief, numerous other media outlets including television stations, radio stations, and websites, re-broadcast the KSHB video of the Mario Ambrose Antoine story including the video of the Herrons.

41. The story is still accessible online on some websites, for example:

**Hot 98.3 FM**, a radio station in Tucson, Arizona
*See*, http://hot983.iheart.com/onair/dj-apprentice-47150/exwedding-photographer-charged-with-fraud-after-15246459 (visited July 26, 2017);

**My Vidster.com**, according to its home page "is a social video sharing and bookmarking site that lets [a person] collect and share [his or her] favorite videos" found on the web.
*See*, http://www.myvidster.com/video/78921960/SMH_Ex-Wedding_Photographer_Charged_With_Fraud_After_He_Tricked_Dozens_Of_Women_Into_Sex (visited July 26, 2017).

42.  At other sites that previously posted the video, the video is no longer available.

For example:

**FlyHeight.com**, according to the "Contact Us" page at its website, is an online video website that posts "the latest and most entertaining viral contents from America and around the world."
*See*, http://www.flyheight.com/videos/ex-wedding-photographer-charged-with-fraud-after-he-tricked-dozens-of-women-into-sex/ (visited July 26, 2017)

43.  Posts on social media demonstrate that persons exposed to the story believed that Chyleina had been tricked into on-camera sex; that she had either cheated on Cory and/or had sex with Antoine with his knowledge and approval; and/or that she had engaged in sex with Antoine to become a porn star; and/or, that she simply had engaged in sex with Antoine for money.  All of these impressions were a result of the story and all of them were false.

44.  Defendants gave publicity to a matter concerning Antoine that placed the Herrons before the public in a false light.

45.  The false light in which Defendants placed the Herrons would be highly offensive to a reasonable person.

46.  Defendants had knowledge of or acted in reckless disregard as to the false light in which they placed the Herrons.

47.  Defendants knew that the Herrons, as reasonable people, would be justified in the eyes of the community in feeling seriously offended and aggrieved by the publicity.

48.  Defendants' use of the video of the Herrons was such a major misrepresentation

Electronically Filed - Jackson - Kansas City - August 28, 2017 - 03:09 PM

of their character, history, activities, or beliefs that serious offense may reasonably be expected to be taken by reasonable people in the Herrons' position.

49.  Defendants' use of the video of the Herrons and its depiction of them in a false light by using their likenesses in connection with a story that had *no* bearing on them caused the Herrons to suffer injuries in the form of mental distress, manifesting in sleeplessness and anxiety.  It further caused them to suffer and emotional distress, shame, embarrassment, insult, humiliation, harassment, and mental anguish.

50.  The actions of Defendants were willful, wanton, reckless, and malicious and were outrageous because of Defendants' evil motive or reckless indifference to, and conscious disregard for Plaintiffs' rights.  Therefore, Plaintiffs are entitled to an award of punitive or exemplary damages in an amount sufficient to punish Defendants and/or to deter Defendants and others from like conduct in the future.

## CAUSE OF ACTION
### False Light Invasion of Privacy

51.  Plaintiffs hereby adopt, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 50 above.

52.  Plaintiff Chyleina Herron never had any connection with Antoine in connection with his defrauding women into having on-camera sex for money or to be come a porn star. Therefore, Defendants' depiction of her was a false representation of her.

53.  Plaintiff Chyleina Herron was and is not a public figure and has led an exemplary life.

54.  Plaintiff Chyleina Herron was distressed and deeply disturbed by having been

Electronically Filed - Jackson - Kansas City - August 28, 2017 - 03:09 PM

falsely identified as a victim of Antoine's on-camera sex scam.

55. The false light in which Plaintiffs Chyleina and Cory Herron were depicted caused her to suffer mental distress from having been exposed to public view in that false light. More specifically, it caused her to suffer disruption of her sleep, to experience agitation, and anxiety. She sought medical care in that connection and took prescribed medication.

56. The publication over television airwaves and on websites, Facebook, and YouTube of the false representation and depiction of Plaintiff Chyleina Herron was and is highly offensive to reasonable persons.

57. The publication of the false representation and depiction of Plaintiff Chyleina Herron was not made in good faith nor was it made by persons with any legitimate interest or duty to persons having a corresponding interest or duty nor with publication only to proper parties and, therefore, no privilege is applicable. Further, whether Herron herself was a victim of Antoine's scheme is not a matter of public concern.

58. The acts and conduct of Defendants caused Plaintiff Chyleina Herron to suffer injuries and actual damages including the mental distress referred to above in paragraph 55 as well as shame, emotional suffering, humiliation, embarrassment, insult, and inconvenience.

59. The acts and conduct of Defendants caused Plaintiff Chyleina Herron to sustain damages in excess of $25,000.00.

60. Neither Plaintiff Chyleina Herron nor Cory Herron ever had any connection with Antoine in connection with his defrauding women into having on-camera sex for money or to be come a porn star. Therefore, Defendants' depiction of Cory Herron in connection with the

Antoine sex scam story was a false representation and depiction of him.

61.  Plaintiff Cory Herron was and is not a public figure and has led an exemplary life.

62.  Plaintiff Cory Herron was distressed and deeply disturbed by his wife having been falsely identified as a victim of Antoine's on-camera sex scam and the false impressions about him provoked by the video.

63.  The publication over television airwaves and on websites, Facebook, and YouTube of the false representation of Plaintiff Cory Herron was and is highly offensive to reasonable persons.

64.  The publication of the false representation and depiction of Plaintiff Cory Herron was not made in good faith nor was it made by persons with any legitimate interest or duty to persons having a corresponding interest or duty nor with publication only to proper parties and, therefore, no privilege is applicable.  Further, whether Chyleina Herron herself was a victim of Antoine's scheme, and any reaction of her husband is not a matter of public concern.

65.  The acts and conduct of Defendants caused Plaintiff Cory Herron to suffer injuries and actual damages including shame, emotional suffering, humiliation, embarrassment, insult, and inconvenience.

66.  The acts and conduct of Defendants caused Plaintiff Cory Herron to sustain damages in excess of $25,000.00.

67.  Defendants E.W. Scripps and Scripps Media are liable for the acts and conduct of their employees and/or agents.

68.  The actions of Defendants were willful, wanton, reckless, and malicious and were

Electronically Filed - Jackson - Kansas City - August 28, 2017 - 03:09 PM

outrageous because of Defendants' evil motive or reckless indifference to, and conscious disregard for Plaintiffs' rights.  Therefore, Plaintiffs are entitled to an award of punitive or exemplary damages in an amount sufficient to punish Defendants and/or to deter Defendants and others from like conduct in the future.

WHEREFORE, Plaintiffs request that this Court, after a trial by jury of Plaintiffs' claim, enter a judgment against Defendants for Plaintiffs' actual, compensatory, and punitive damages as are proven at trial and are fair and reasonable, for their costs herein, and for any such further legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

ARTHUR BENSON & ASSOCIATES


By  s/ Arthur A. Benson II


By  s/ Jamie Kathryn Lansford
Arthur A. Benson II #21107
Jamie Kathryn Lansford #31133
4006 Central Avenue
Kansas City, Missouri 64111
(816) 531-6565
(816) 531-6688 (telefacsimile)
abenson@bensonlaw.com
jlansford@bensonlaw.com

Attorneys for Plaintiffs